RECEIVED

OCT 2 9 2015

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

FILED
COURT OF APPEALS
SECOND DISTRICT OF TEXAS

OCT 2 9 2015

DEBRA SPISAK, CLERK

Benjamin Ray Stewart a/k/a Benjamin Todd Stewart
Vr

The State of Texas

Court of Appeals Case Nos.    02-15-00164-CR
                             02-15-00165-CR
                             02-15-00166-CR
                             02-15-00167-CR

Trial court Case Nos.    1336013D    1336014D
                         1336015D    1336016D


Dear Clerk of the court,


Enclosed please find 9 Appellants Motion to Abate Appeal to substitute counsel, Motion for Bench warrant, Motion for ct. of Appeals to take Action under canon 302, motion for ct of Appeals to take action under canon 301, and Motion for ct of appeals to Disregard Appeal brief submitted by my Appointed Appeal attorney, J. Warren St. John. - Abbreviated titles written here.

My Appeal attorney MR St. John has broken the law by violating Articles that were crucial to my Appeal. I am suffering prejudice because he broke the law.

MR. St. John violated the mandatory provisions of the TXCCP. Articles 26.04 and 1.051 by violating Articles 26.04(J) and 1.051(c). My "formal complaint" Just filed offers 3 cases that say reversal is required. My Appeal is ruined because MR St. John did not obey the laws above and communicate with me, and I was forced to lose my rights to the

purposes and benfits of motion for new trial proceedings.

I have been denied my right to the effective assistance of counsel and request to be allowed to substitute counsel, and be bench warranted back to Tarrant co. so I can consult with new counsel about the laws my attorney violated and possible remedies.

please mail a completed order to me in the self addressed envelope. I meant to Ask for you to preset my motions and then return signed orders if you will please.

Very respectfully submitted

Benjamin R Stewart.

Benjumon Ray Stewart a/k/a Benjamon Todd Stewart

V.

The State of Texas

The Second District Court of Appeals Texas

Court of Appeals Case Nos.:
02-15-00164-CR, 02-15-00165-CR, 02-15-00166-CR, 02-15-00167-CR
Trial Court Case Nos.:
1336013D, 1336014D, 1336015D, 1336016D

•                    •                    •

Motion to abate appeal to substitute counsel based on actual crimes committed by appointed counsel; Motion for Bench Warrant for Appellant to consult with new counsel and to seek remedy for prejudice suffered; Motion for 2nd District Court of Appeals to Take Action pursuant to the code of Judicial Conduct Canon 302; Motion for 2nd District Court of Appeals to Take Action pursuant to the code of Judicial Conduct Canon 301; Motion for 2nd District Court of Appeals to disregard Appellants Brief submitted by J. Warren St. John who violated, The Mandatory provisions in The Tx.CCp. Articles 26.04 and 1.051 by specifically violating Articles 26.0451 and 1.051(a) in Judge Wisch's 372nd District Court to the detriment of appellants appeal by forcing Appellant to forfeit the purposes and benifits of Motion for New trial proceedings, That are critical stages of a first Appeal. Alvarez v. State 29 s.w. 3d 679

•                    •                    •

Tarrant County Jail Records for visitation and mail room will prove that my Appointed Appeal attorney MR St. John did not make any kind of contact with me before motion for new trial proceedings; Jail House and prison records will show that MR st. John did not make contact with me for almost 6 months.

"The time period for filing a motion for new trial is a critical stage of a criminal proceeding in which defendants are entitled to assistance of Counsel. A hearing on a Motion for new trial is the only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record of those matters for appellate review. A Motion for new trial hearing is also the proper time to develope a record to demonstrate ineffective assistance of Counsel during trial." Alvarez v State 295.W. 3d 679

By refusing to communicate with me, my Appointed appeal attorney J. Warren st. John has intentionally and knowingly violated the mandatory provisions of the Tx. c.c.p. Articales 26.04 and 1.051 by specifically violating Articales 26.04 J1 and 1.051(a). These crimes against me have destroyed my appeal brief by and through unethically forcing me to forfeit the purposes and benifits of motion for new trial proceedings where I would have been able to

to recieve a new trial a new trial avoiding a lengthy appeal, or, in the alternative, at least be able to preserve errors "outside-the-record", so they could be heard on direct Appeal; for example, my trial attorney failed to object to perjured testimony of states Expert accident reconstructionist, and said attorney also failed to use a well established Jury instruction on concurrant causation, and "but for" these errors individually and collectively, I would not have been found guilty. * Please be informed that MR. St. John has actually used perjured testimony testimony in my appeal brief on purpose.

I have filed, with Judge Wisch of the 372ⁿᵈ Court, (5) five clear notices informing the Judge of the crimes committed against me and my appeal and also of the many TX Disciplinary rules violated by MR. St. John. I formally request The Court of Appeals to review said notices as evidence, I am indigent and Judge Wisch has refused me copies, that I might offer to the court of Appeals. I only asked for copies one time but I assume he will not give me copies if I ask again.

Judge Wisch has willfully neglected his Duty to act pursuant to cannon 302, and, Pursuant to his duties to mantain and enforce, while monitoring attorney's under the TX.C.C.P. Article 26.04 on the "County wide plan" for appointed attorneys called "Tarrant District court plan". He had a duty to "Exclude

the offender (Mr. St. John) from all hope of escape."
See rxccpArt. 1.03 #2. I believe this Also applies to
the ct. of Appeals pursuant to canon 302, but I am
being denied counsel for assistance with the Articles
Mr. St. John violated, and this affects my appeal.

Mr. St. John told me by his refusal to communicate
in violation of TX Disciplinary rules section 1.03 on
Communication sections A and B, that he would rather
I suffer the Drastic consequences for his crimes instead
of Confess the said crimes to you, the second district
court of Appeals or to Judge Wisch so that he
could help me seek relief, such as out-of-time
Motion for new trial proceedings - he said he would
not abate my Appeal to help me.

What is worse, is that Judge Wisch also
willfully chooses in his Gross indifference to Mr. St.
Johns crimes and violation of the multitude of TX Disciplinary
rules (see 24 page notice to Judge Wisch) in an overt neglect
of Duty to act under canon 302 - for me to suffer the
drastic consequences for Mr. St. Johns Disciplinary
violations, and crimes named above.

These willful acts by the attorneys, Judge
Wisch, and, Mr. St. John involve Moral Turpitude,
because they both want me to suffer for the crimes
committed by Mr. St. John and Judge Wisch in
Judge Wisch's courtroom. This is a moral issue as
well as a legal issue.

They both had a duty, to at least notify you- the 2nd District Court of Appeals, of the crimes and potential harm they caused to me and my appeal.

Neither Judge Wisch Nor MR. St. John are being forthright or honest in their duties. They both had a duty to report the crimes to the 2nd District Court of Appeals. Neither one reported the crimes to you.

It says in, IN RE Grand Jury 466 F. Supp 1132, that, "In matter before Court attorney has duty to immediately bring to courts attention any actual or potential ethical violation involving any of the parties or attorney's in a case,"

I believe this following case Applies to the ct. of Appeals and to Judge Wisch, It is crucial that it be understood that Judge wish has and the ct. of appeals has an obligation to act that is mandatory and not discretional under canon 302, 301.

In Matter of J.B.K. 931 S.W.2d 581 it states, "Canon of Code of Judicial Conduct providing that if information recieved by Judge raises substantial question as to the Lawyers honesty, trustworthiness or fitness as lawyer in other respects, Judge shall inform office of General Counsel of state Bar or take other appropriate action is mandatory in nature, not directory though Language of canon is not exclusive in that it Does not prohibit independant Judiciary from exercising its inherent power to

protect Jurisdiction of Courts and insure that necessary Court security provisions are complied with, or to exercise its authority to punish by Contempt or otherwise V.T.C.A., Government Code title 2, subtitle G APP., Code of Jud. Conduct, Canon 3, Subd D.(2)."

Here is the actual Canon 3D2, that Judge Wisch had a duty, and the 2nd District Ct. of Appeals has a duty to act under because MR. st john is not Honest or trustworthy enough - He is Not At as a lawyer to Confess his crimes and protect his vulnerable client. - Judge wisch is not trustworthy enough to report MR st John either.

Canon 3D2

"a Judge who recieves information clearly establishing that a lawyer has Committed a violation of the TX Disciplinary rules of professional Conduct should take appropriate action. A Judge having knowledge that a lawyer has committed a violation of the Texas Disciplinary Rules of professional Conduct that raises a substantial question as to the lawyers honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the office of the General Counsel of the state Bar of Texas or take appropriate action."

MR. st John is totally unrepentant and perfectly willing to let me suffer for his crimes

He can not be trusted to follow the law or protect his clients needs, and if he can't be trusted to tell you the truth even at this point, action must be taken against him and Judge Wisch, who also can not be trusted to do the right thing.

So with this information, and the information of the TX Disciplinary rules violated by Mr St John described in the 24 page Notice to Judge Wisch, It is mandatory, as I humbly present this to you as a violated appellant being denied his right to the effective assistance of counsel, that the 2nd District Court of Appeals, Take Action, not only under Canon 3D2 against Mr St John, but also under Canon 3D1 in respect to Judge Wisch's failure to Act under Canon 3D2. See his 24 page Notice to court.

Canon 3D1 States

"a Judge who recieves information clearly establishing that another Judge has committed a violation of this code should take appropriate action. A Judge having knowledge that another Judge has committed a of this code that raises a substantial question as to the other Judges fitness for office shall inform the state Commission on Judicial conduct or take other appropriate action."

Judge Wisch has willfully ignored 5 notices and request for help. It is not disputable that he chooses to shield a bad attorney turned

"criminal" from any liability at my expense! He clearly wants me to suffer for the crimes committed in his court by my appointed attorney MR St. John. He refuses to report the crimes to you so I can find relief for the prejudice I suffer.

I believe it is mandatory for the 2nd District Judges to take action against Judge Wisch. I have requested legal advise before I file formal complaint with the commision in Austin. My Appeal Attorney Has Broken the law it has hurt me and I need to substitute counsel and get legal advise.

I do Not waive my right to Counsel, and I am without the effective assistance of counsel. It would be horribly wrong that I should continually have to suffer with my attorneys purposefully bad and unethical representation, on top of having to suffer for his actual crimes committed against me and my appeal. The man actually intentionally used perjured testimony in my Appeal brief to be vengeful because I am exposing his crimes. I can prove he did it on purpose, He knew better.

He used testimony from the states expert accident reconstructionist saying I hit and stalled out a Toyota camery, for an F450 to hit and kill them. That is perjured testimony! The same expert said on the 4th Day of trial

When asked, "So, All that damage on the front of my clients pickup Did Not come from hitting the toyota camery?" -He said-, "OH-Heavens No, your client swerved off the Hwy and hit a temporary sign that caused that unique vertical crease in his bumper, and you can see scratches on his fender and hood from the sand bags that holding the sign down." I have explained this to MR Stooth many times, although he refuses to reply to any of my inquiries, He refuses to discuss his crimes This is a Canon 302 issue, his refusal to communicate violates 7x Disc. rule A+B under Section 6.03 on communication. please inform me if I must provide the notice to you that contains each Disc. rule violated. It is the 3rd Notice to Judge wisch and is 24 pages.

How could he choose not to use the testimony that would exonorate me, and instead use testimony, that is admittedly perjured testimony if MR Stooth was not being vengeful for exposing his crimes?

The states own Expert will now testify for me if I get a new trial, that it was not me who hit and stalled out the Camery. This is No small matter.

Obviously, If my truck did not hit and stall out the camery, somebody else, other than me, had to do it. I never hit that camery, and

my appointed Attorney left out the testimony that proves it, and used perjured testimony in his brief instead that incriminates me. He has done this on purpose, He knew better.

This is not Just "nominal Representation" which does not satisfy the constitutional requirement its an act of terrorism - of sorts. He, please forgive the Harshness of this analogy, but how badly I feel violated, He has an ethical mind of an unrepentant ~~violater~~ █████ in the way he has and does represent me. He used my incarceration to forcibly take my rights to communication in Articles 26.0451 and lost(a) my rights to motion for new trial proceedings - I had to file my own motion that got ignored. My right to counsel, and now he has actively sought out to ruin my appeal brief Just to spit me and violate me further, and Judge wisch could Not care less.

MR st. John has broken the law he is "trying" to destroy my life and he is making a Mockery, along with Judge wisch, of the Justice system. Is he allowed to break the law and nobody will protect me? They clearly have no respect for your court, and would have you waste your time on an appeal not based on its merits. They willfully want you to be a part of their actions involving moral turpitude. That lacks

respect for your court and the legal system, in my humble opinion.

I desperately need legal assistance,

So, I pray, and,

Motion to abate Appeal to substitute Counsel, Motion for Bench warrant to consult with new counsel, Motion for ct of Appeals to Take Action under Canon 302, Motion for ct of Appeals to take Action under canon 301, and Motion for ct. of Appeals to disregard Appeal brief filed by MR st. John

I further pray that the court of appeals use my 5 Notices to Judge wisch to support these Motions, especially the 24 page Notice and the 4th 18 page Notice that detail each To Disciplinary rule violated and the laws Broken by MR st. John.

orders

1. order granting Motion to abate to substitute counsel _____
2. order granting Motion for Bench warrant to Tarrant Co: _____
3. order granting Motion for ct of Appeals to Take Action under canon 302 _____
4. order granting Motion for ct. of Appeals to Take action under canon 301 _____
5. order granting Motion for court of Appeals to disregard Appeal Brief filed by MR J. Warren st. John.

respectfully Submitted

Ct of Appeals
Judges

Benjamin R Stewart
01970445.



Court of Appeals
Second District of Texas

Nos. 02-15-00164-CR
02-15-00165-CR
02-15-00166-CR
02-15-00167-CR

Benjamin Ray Stewart a/k/a Benjamin Todd Stewart  Appellant

VS.

The State of Texas                                    state

from the 372nd Judicial District Court of Tarrant County
Trial Court Case Nos.? 1336013A, 1336014A, 1336015A, 1336016A

Orders

① order granting motion to Abate to substitute counsel

② order granting motion for Bench warrant to Tarrant co.

③ order granting motion for ct of Appeals to take action on canon 30R

④ order granting motion for ct of Appeals to take action on canon 3P1

⑤ order granting motion for ct of Appeals to disregard Appeal
Brief submitted by Atty J. Warren st. John

ct. of Appeals
Judges

Yuma Ray Stewart 01920445 5241
Luvane unit
81 S. FM 3525
Vrckle city, TX 78512
2015

COURT OF A???
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

RECEIVED
OCT 29 2015

Legal mail

Court of Appeals
Second District of Texas
401 W Belknap, Suite 9000
Fort Worth, TX 76196-0211